ROBINSON v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

1. **Railroads:** CATTLE-GUARDS: WHERE THEY MUST BE MAINTAINED: CODE, § 1288.   Under the provisions of Code § 1288, a railroad company must maintain a cattle-guard wherever its road enters or leaves "fenced land," whether the fenced land be the land of another or its own right of way.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION to recover for personal injuries sustained by plaintiff while in the discharge of his duty as an employe of defendant, caused, as he alleges, by defendant's negligence.    There was judgment upon a verdict for plaintiff.    Defendant appeals.

*Wright, Cummins & Wright,* for appellant.

*D. O. Finch* and *D. Donovan,* for appellee.

BECK, CH. J.—I.    The plaintiff was in the employment of defendant as a brakeman upon a freight train, and was required, when the train reached Van Meter, a station upon defendant's railroad, to uncouple a car so that it could be put upon a side track.    In the discharge of this duty he went between the cars for the purpose of uncoupling them, and, while doing so, moved with the train until he stepped into a cattle-guard, when one of his legs was caught by a wheel of a car, causing injuries to it which rendered amputation necessary.    He had no knowledge of the fact that there was a

cattle-guard at the place, and the accident occurred in the night-time. The plaintiff charges that defendant was negligent in keeping a cattle-guard at the place, for the reason that it was not required by the necessities of the business of the defendant, by the wants of the public, or by the fact that the land adjacent thereto was inclosed.

II. The circuit court gave to the jury the following instruction:

"(2) The first issue for you to decide is whether the defendant was negligent in keeping the cattle-guard at the place it was kept. To do this you must understand what duty it owed to the plaintiff as an employe, and what to the public, in the location of its cattle-guards. The defendant, in receiving the plaintiff into its employment, became bound to the exercise of reasonable care, and reasonable care only, in locating its cattle-guards so as to not unnecessarily expose him to danger while in the performance of his duty. As to the duty and privilege of the defendant to construct cattle-guards where its road is not fenced, the Code provides that corporations constructing or operating a railway shall make proper cattle guards where the same enters or leaves any improved or fenced land, and at highway crossings, and that any company neglecting or failing to do so shall be liable for all damages sustained by reason of such neglect. This, you observe, only requires cattle-guards to be constructed where the road enters or leaves improved or fenced land. The object of this provision is to preserve or complete the inclosure of improved or fenced lands through which the road runs. If the land is not improved or fenced in common on both sides of the railway, then a cattle-guard is not required at the point of entering or leaving the land, if the track is unfenced, as in such case it would not serve to inclose either the land or the track; but if the land is improved or fenced in common on both sides, and the track is not fenced, then the railway company is bound to place a cattle-guard at the point of entering and leaving such land, or to pay all damages sustained by reason

of the want of such cattle-guard. As the undisputed evidence is that the land outside of defendant's right of way was not improved or fenced on the south side of the track, at and west of the cattle-guard in question, the defendant was not required to place a cattle-guard at that point under this provision of the law as to the duty and privilege of defendant to fence its track. It is also provided that, if a railroad company fails to fence its road against live stock running at large, it is liable for all stock killed or injured by reason of the want of such fence, unless it be at a place, such as station grounds, where the public interest and convenience, or the business of the road, requires that it be open and unfenced."

This instruction is by no means clear, and is plainly conflicting in its terms. It announces the rule that the railroad is bound to construct cattle guards when the adjacent land is improved or fenced in common on both sides, and the track is not fenced, and it holds that, as the evidence shows the land on one side of the railroad outside of the right of way was not fenced, the defendant was not required to construct a cattle-guard. The instruction is plainly erroneous. Code, § 1288, provides that " every corporation constructing or operating a railway shall make proper cattle-guards where the same enters or leaves any improved or fenced land." The provision is not limited to lands outside of the right of way of railroads which are fenced for cultivation or pasture. It applies to the case where the corporation fences its right of way. When that is done there is "fenced land," and, upon entering or leaving such fenced right of way, the law requires a cattle-guard. The fencing of the railroad would afford no protection to live-stock running at large and not within inclosures, unless cattle-guards were constructed at the place where the fences end or are not continuous. Indeed, fencing without cattle-guards would imperil the live-stock found at such places. There being no cattle-guards, cattle and horses would be invited upon the right of way, and would thus be exposed to dangers greater than if no fences existed.

Other questions in the case need not be considered, as the judgment, for the error in the foregoing instruction, must be

REVERSED.