Robinson v. Chicago, Rock Island & Pacific R'y Co.

ROBINSON v. CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads:** NEGLIGENCE: PROPER DISTANCE BETWEEN CATTLE GUARD AND SWITCH: EVIDENCE. In an action for a personal injury based on the alleged negligence of the defendant in building a switch too near to a cattle-guard, *held* that the mere fact that another switch at the same station was farther from the cattle-guard did not tend to prove that there was negligence in building and maintaining the first one so near.

*Appeal from Polk Circuit Court.*

MONDAY, MARCH 7.

ACTION to recover for a personal injury. There was a trial to a jury, and a verdict and judgment were rendered for the plaintiff. The defendant appeals.

*T. S. Wright,* for appellant.

*Baylies & Baylies* and *D. Donovan,* for appellee.

ADAMS, CH. J.—This case is before us upon a second appeal. See 67 Iowa, 292. The plaintiff, while acting as a brakeman on the defendant's road, and while engaged in the

duty of uncoupling cars, stepped into a cattle-guard, and received the injury of which he complains. Since the former trial, the plaintiff has filed an amended and substituted petition, in which he avers, in substance, that the defendant was using a dangerous switch-yard at the place in question; that a switch connected with the main track less than fifty feet east of a trestle work cattle-guard, which was across its main line; that, while obeying orders in attempting to uncouple cars to be switched upon a side track, he was walking along the main track, in the night, between the cars, and stepped into the cattle-guard; that the defendant had negligently constructed and maintained said side track and switch and cattle-guard in too close proximity to each other.

The court gave an instruction in these words: "Under the law and the uncontroverted testimony, the defendant had the right to maintain the cattle guard and switch mentioned as they were being maintained. If, however, brakemen were authorized or required to uncouple cars for the purpose of switching outside of the switches, and the proximity of the switch and cattle-guard rendered that service more than ordinarily dangerous, then it was the duty of the defendant to inform them thereof before requiring them to uncouple at that place, unless the danger was already known to them, or defendant had some good reason to believe that it was so known. If the defendant knew, or by the exercise of ordinary care and vigilance would have known, that it was unusually dangerous to uncouple on the main track outside of the switch, and if the plaintiff was ignorant of such unusual danger, and the conductor giving the order did not have sufficient reason to believe that the plaintiff knew thereof, then it would be negligence for the conductor to have ordered the plaintiff to uncouple at that place, without first informing him of such unusual danger." The giving of this instruction is assigned as error. The instruction held that "the defendant had a right to maintain the cattle-guard and switch as they were being maintained." The plaintiff's counsel,

notwithstanding this ruling, insist that the cattle-guard and switch were unnecessarily near together, or, at least, that there was evidence which would have justified a jury in so finding; but, in considering the objection to the instruction urged by the defendant, we must assume that the instruction in regard to the right of the company to maintain the cattle-guard and switch so near together is correct. The company, then, was not in fault in so maintaining them. The circumstances of the case required it. This excludes all negligence on the part of the company prior to the time the conductor ordered the plaintiff to uncouple the cars. The order was given, unaccompanied with information that the cattle-guard and switch were only about forty-three feet apart. The court thought that the negligence of the company, if any, consisted in giving the order unaccompanied with such information, and it submitted the case to the jury upon the theory that they might find a verdict for the plaintiff on the ground of the want of such information, and not otherwise; and it made the question as to the conductor's obligation to give the information depend upon the question as to whether the order, by reason of the proximity of the cattle-guard and switch to each other, involved an unusual danger. The defendant objected to the instruction upon two grounds: In the first place, it is insisted that the permanent, necessary and visible construction of the switch and cattle-guard and things of that nature, necessarily affecting the safety of the brakemen in the performance of their ordinary work, are things which they must learn by the exercise of observation, and not wait to be told by the conductor, whose knowledge, if he had it, must have been acquired in in the same way. In the second place, it is said that there is no evidence that the order as given involved an unusual danger. It will be sufficient for the purpose of the opinion to consider whether this last objection is valid.

The plaintiff contends that there was some evidence that the order as given involved an unusual danger; and, in the

second place, if it did not, that the court was justified in giving the instruction, because the burden was on the defendant to prove that the order as given did not involve an unusual danger. There was very little evidence as to the distance between switches and cattle-guards on the defendant's road, and none whatever as to such distance upon other roads. All that the evidence showed was that, at the station where the accident occurred, there was, besides the switch in question, another eighty-one feet from a cattle-guard. The plaintiff insists that this was some evidence that the distance between the switch and cattle-guard in question was unusually small; but, in our opinion, this position cannot be sustained. We do not think that the evidence which shows nothing more than that one of two things is smaller than the other can be regarded as any evidence that the smaller is unusually small. When a thing is said to be unusually small, it is meant that it is small as compared with the *class* to which it belongs; and the comparison involved is essentially different from that which can be made between merely two things of the class.

The position taken by the plaintiff, that the burden was upon the defendant to prove that the order as given did not involve an unusual danger, is based upon what the plaintiff regards the issue as tendered by the defendant's answer. It is said that the defendant assumed this burden by an allegation in its answer. The allegation relied upon is that the cattle-guards were numerous, and located without regularity in regard to their distance from each other or any other given point or object. But this is not an allegation that the distance between the cattle-guard and switch in question was not unusually small. The allegation appears to have been made upon the theory that, there being no regularity, no specific place or yard could be relied upon in the absence of specific knowledge.

In our opinion there was nothing in the evidence, or in the issues as made by the pleadings, upon which the instruction could properly be based. REVERSED.